**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTELLIGENT SCM LLC,<br><br>Plaintiff,<br>v.<br><br>MARC LAUZON, ANGELA LAUZON, TRIBIKE TRANSPORT LLC, and DOES 1–300,<br><br>Defendants. | Case No.: 2:23-cv-10308-MEMF-KES<br><br>**ORDER DENYING DEFENDANTS ANGELA LAUZON AND MARC LAUZON'S COMBINED MOTION FOR DISMISSAL, FOR JUDGMENT ON THE PLEADINGS, TO STRIKE, FOR LEAVE TO ASSERT COUNTERCLAIMS, AND FOR PRESERVATION OF COUNTERCLAIMS [DKT. NO. 54], DENYING DEFENDANTS' MOTION FOR ASSET PRESERVATION AND VERIFIED ACCOUNTING [DKT. NO. 55], AND DIRECTING THE CLERK OF COURT TO ENTER DEFAULT AGAINST DEFENDANT TRIBIKE TRANSPORT LLC** |

Before the Court are two Motions filed by Defendants Marc and Angela Lauzon. The first is Defendants' Combined Motion for (1) Dismissal Under Rule 12(b)(6)/12(h)(2); (2) Judgment on the Pleadings Under Rule 12(c); (3) To Strike Under Rule 12(f); (4) For Leave to Amend Answer Under Rule 15(a)(2) and Assert Counterclaims, and (5) For Preservation of Counterclaims Under 28 U.S.C. § 1332. Dkt. No. 54 ("Combined Motion"). The second is Defendants' Motion for Asset Preservation and Verified Accounting. Dkt. No. 55 ("PI Motion"). As explained below, the Motions

are DENIED. Moreover, in light of TriBike's continued failure to appear through counsel, this Court directs the Clerk of Court to enter default against TriBike.

## I. <u>Background</u>

### A. Factual Background[1]

Plaintiff Intelligent SCM LLC ("ISCM") is a New Jersey company. Dkt. No. 1-1 ¶ 1 ("Compl."). Defendant TriBike Transport, LLC ("TriBike") is a North Carolina company. *Id.* ¶ 2. TriBike's clients—triathletes and cyclists—contract TriBike to arrange for the shipping of their specialized racing bikes to and from sporting events around the world. *Id.* Two of its members are Defendant Marc Lauzon and Defendant Angela Lauzon (collectively for the purposes of this Order, "the Lauzons"). *Id.* ¶ 3–4.

In 2023, TriBike was insolvent, and the Lauzons were aware of it. *Id.* ¶ 11. Nevertheless, beginning on July 10, 2023, the Lauzons caused TriBike entered thirteen contracts with ISCM. *Id.* ¶ 10. These contracts provided for thirteen separate shipments of bicycles to and from triathlons around the world. *Id.* In total, ISCM charged $319,731.27 for this service. *Id.* The last two of these thirteen shipments involved the transportation of 180 bicycles to and from a Spain triathlon in September 2023. *Id.* The Lauzons used the business entity TriBike in bad faith to procure these shipping services from ISCM. *Id.* ¶ 11. But they had no intention of paying ISCM. *Id.*

TriBike's customers paid TriBike in full for the thirteen shipments. *Id.* ¶ 11. But TriBike did not pay ISCM's invoices. *Id.* ¶ 10. As a result of TriBike's nonpayment, ISCM exercised its lien rights o retain possession of the 180 bikes it had been contracted to ship. *Id.* ¶ 10. It currently remains in possession of those bikes. *Id.* ¶ 10.

### B. Procedural History

ISCM filed its Complaint in Los Angeles Superior Court on November 8, 2023. *See* Compl. at 1. The Complaint states the following causes of action against all defendants: (1) promissory

---

[1] Unless otherwise indicated, the following factual background is derived from the Complaint. *See* Dkt. No. 1-1 at 3 ("Compl."). The Court includes the allegations in the Complaint only as background, and makes no finding as to their truth in this Order.

fraud; (2) breach of contract; (3) open book account; (4) account stated, (5) money had and received; and (6) quantum meruit. *See generally id*. On December 8, 2023, Defendants removed the action to this Court. *See* Dkt. No. 1. On December 15, 2023, Defendants filed an Answer. *See* Dkt. No. 7.

On July 15, 2025, this Court issued a Civil Trial Order in this matter. See Dkt. No. 40 ("CTO"). That Order set the last day to hear a motion to amend the pleadings or add parties as August 1, 2025. *Id.* It set a fact discovery cutoff of June 5, 2026. *Id.* And it scheduled a jury trial in this matter for November 16, 2026. *Id*. at 3.

On October 30, 2025, counsel for all defendants filed a Motion to Withdraw. Dkt. No. 47. This Court held a hearing on the motion on December 11, 2025. *See* Dkt. No. 58. At the hearing, the Lauzons explained that they intended to be self-represented, and requested thirty days to secure counsel for TriBike—which, as a corporation, cannot represent itself. *See* Dkt. No. 59; *see also* L.R. 83-2.2.2. This Court granted the motion with respect to the Lauzons and gave TriBike until February 5, 2026, to secure counsel. Dkt. No. 59 at 2–4. No counsel has entered an appearance for TriBike.

On December 31, 2025, the Lauzons filed the instant Motions. *See* Combined Motion; PI Motion. This Court set a briefing schedule on the Motions. Dkt. No. 68. On March 5, 2026, ISCM filed its Oppositions. *See* Dkt. No. 70 ("Combined Opp."); Dkt. No. 71 ("PI Opp."). On March 19, 2026, the Lauzons filed their Replies. Dkt. No. 73 ("Combined Reply"); Dkt. No. 74 ("Combined Reply").

The Court found this matter appropriate for resolution without oral argument and vacated the hearing set for April 9, 2026. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. Applicable Law

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

"A Rule 12(b)(6) motion must be made *before* the responsive pleading." *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004). When a motion to dismiss is filed after a defendant's answer, "the motion should [be] treated as a motion for judgment on the pleadings, pursuant to Rule 12(c) or 12(h)(2)." *Id.*

**B. Motion for Judgment on the Pleadings**

In reviewing a motion for judgment on the pleadings under Rule 12(c), courts "accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The motion is properly granted if "there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id.* "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

**C. Motion to Strike**

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike under Rule 12(f) is to "avoid the expenditure of time and money that must arise

from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

**D. Leave to Amend Pleading**

Under the Federal Rules of Civil Procedure, a motion to amend a pleading after the scheduling deadline has passed is governed first by Rule 16(b), and secondarily by Rule 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also Frostmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (noting that a party must "first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15"). In other words, "a court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Johnson, 975 F.2d at 609 (citing *Frostmann*, 114 F.R.D. at 85).

Pursuant to Rule 16(b), scheduling modifications require both a showing of good cause and judicial consent, matters over which the district court exercises broad discretion. Fed. R. Civ. P. 16(b). The Advisory Committee Notes further clarify that good cause exists when the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

To show diligence under Rule 16, courts consider whether the movant has shown that: (1) "she was diligent in assisting the court in creating a workable scheduling order;" (2) "her noncompliance with a scheduling order occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the scheduling conference;" and (3) "she was diligent in seeking amendment of the scheduling order, once it became apparent that she could not comply with the order." *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 478 (E.D. Cal. 2022). The moving party's carelessness is incompatible with diligence and therefore does not justify amending a scheduling order. *Johnson*, 975 F.2d at 607 (first citing *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992); then citing *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971); and then citing *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962)). Specifically, where

a plaintiff has long been in possession of the information necessary to amend their complaint, this supports the finding of a lack of diligence. *Id.* at 610.

Although prejudice to the opposing party may provide an additional basis to deny the motion, the primary inquiry is the moving party's reason for seeking modification. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (finding that diligence is primary inquiry and that the prejudicial effect of amending civil trial order "supplies and additional reason for denying the motion."). Thus, "[i]f [the movant] was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

The second step in the two-step framework applies the liberal standard of Rule 15(a)(2), which provides that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given unless there are specific justifying reasons for denial, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**E. Preliminary Injunctive Relief**

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To qualify for injunctive relief, Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20. This Court cannot grant the preliminary injunction "unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

/ / /

**F. Default**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

**III. Discussion**

The two Motions make a combined six requests. First, the Lauzons ask this Court to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim. Second, the Lauzons ask this Court to dismiss the Complaint under Rule 12(c) and Rule 12(h)(2). Third, the Lauzons ask this Court to strike the Complaint in part. Fourth, the Lauzons ask this Court for leave to amend so that they may assert counterclaims against ISCM.[2] Fifth, the Lauzons ask this Court to maintain jurisdiction over this action even if the Complaint is dismissed or stricken, on the basis that their counterclaims maintain federal jurisdiction. And sixth, the Lauzons request "limited Rule 65–based . . . preservative relief." PI Motion at 1. They seek an injunction: (1) preventing ISCM and their associates from "transferring, encumbering, concealing, or dissipating assets outside the ordinary course of business," (2) requiring a nonparty to submit a sworn accounting, and (3) requiring the preservation of "all financial records, transaction histories, and accounting data relating to assets and transfers." PI Motion at 4.

For the reasons below, this Court rules as follows. First, a 12(b)(6) Motion is untimely because it postdates Defendants' Answer. Second, the Lauzons have not shown why the pleadings fail to state a claim, so they are not entitled to judgment on the pleadings under Rules 12(c) and 12(h)(2). Third, the Lauzons have not shown that the relevant portions of the Complaint should be stricken under Rule 12(f). Fourth, the Lauzons have not shown diligence or good cause as to why the scheduling order should be amended for the Lauzons to modify their pleadings eight months after the deadline. Fifth, because this Court has denied the Motions on the first through fourth bases, the request for this Court to exercise jurisdiction over the Lauzons' counterclaims is moot. And sixth,

[2] The Lauzons also "request leave under Rules 15(a)(2) and 21 to conditionally join TriBike Transport, LLC as a counterclaimant." Combined Motion at 20. The Lauzons are reminded that TriBike cannot appear pro se, and that they cannot make requests on TriBike's behalf. *See* L.R. 83-2.2.2. This Court, therefore, does not address that request, as it is improperly made.

the Lauzons do not allege entitlement to affirmative relief on the operative pleadings, their Motions do not address the standard of preliminary injunctive relief, and their sought relief would improperly bind a nonparty. In sum, the Motions are denied.

**A. The motions for failure to state a claim are denied.**

i. <u>The Rule 12(b)(6) motion is untimely.</u>

The Combined Motion advances four arguments as to why ISCM's Complaint fails. Combined Motion at 13. The Lauzons argue that ISCM's claims "rest on four legal impossibilities": a contract that never existed, a lien that ISCM could not legally possess, damages that ISCM self-inflicted, and the failure to state a claim against Marc and Angela Lauzon individually. *Id.* at 13–17.

But the Combined Motion does not make any argument—nor is this Court aware of any—as to why this Court should consider the untimely request to dismiss. Defendants filed their Answer over two years ago, on December 15, 2023. Dkt. No. 7. "A Rule 12(b)(6) motion must be made *before* the responsive pleading." *Elvig*, 375 F.3d at 954. And Defendants' Answer to the Complaint is a responsive pleading. *See* Fed. R. Civ. P. 7(a)(2).

For that reason, the Lauzons have not shown entitlement to relief under Rule 12(b)(6). Therefore, the Rule 12(b)(6) motion is DENIED.

ii. <u>Under Rules 12(c) and 12(h)(2), the Lauzons have not shown why they are entitled to judgment on the pleadings.</u>

The Combined Motion's second request is for judgment on the pleadings. For the reasons below, the request is denied.

"After the pleadings are closed—*but early enough not to delay trial*—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (emphasis added). A party may always raise the defense of failure to state a claim upon which relief can be granted "by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2). Judgment on the pleadings is not proper unless the movant "clearly establishes *on the face of the pleadings* that no material issue of fact remains to be resolved." *Hal Roach Studios, Inc.*, 896 F.2d at 1550 (emphasis added). Conversely, "judgment on the pleadings is

improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Id.*

The Lauzons' argument on this basis is that "ISCM's lien theory[3] fails as a matter of law because its principal admitted under oath that ISCM intentionally removed and retained possession of the bikes for the purpose of acting before judicial restraint could issue and to place the property under ISCM's own control." Combined Motion at 17. They reason that, "[b]ecause ISCM's own admissions foreclose any inference that its possession arose through lawful receipt in the ordinary course of carriage, its lien-based claims fail on the pleadings, and judgment is warranted under Rule 12(c)." *Id.*

In support, both in the Combined Motion and in the Combined Reply, the Lauzons repeatedly cite to materials beyond the pleadings. The Combined Motion substantially relies, for example, on excerpts from the Deposition of Alex Knowles, Dkt. No. 54-9, for factual support for the argument that ISCM's "principal admitted under oath that ISCM intentionally removed and retained possession of the bikes for the purpose of acting before judicial restraint could issue and to place the property under ISCM's own control." Combined Motion at 17. To consider this evidence on a Rule 12(c) motion, however, would be improper, as the Lauzons necessarily ask this Court to consider substance beyond the pleadings. As for the Combined Reply, it explains that the alleged contract does not support ISCM's claims because it was "a credit application rather than a services agreement," "signed by a TriBike bookkeeper who lacked authority to bind the company," and "involved different operational entities"—and that "Defendants' evidence submitted with th[e] Reply further confirms the pleading defect." Combined Reply at 5–6. They cite declarations in support. *Id.* at 6. None of this appears tethered to the *facial* sufficiency of the claims as stated in ISCM's Complaint.[4] Instead, the Lauzons' arguments offer extraneous reasons why the Lauzons

---

[3] This Court understands the Lauzons' references to ISCM's "lien theory" to be that ISCM had a valid lien over the bicycles that it was transporting. *See* Compl. ¶ 10.

[4] The Lauzons' formulation on Reply does make an attack on the facial sufficiency of the Complaint. *See* Combined Reply at 6 ("Plaintiff does not plausibly allege that ISCM was the contracting party for the 2023 shipments under enforceable terms."). But the Complaint does appear to state allegations that—assuming their truth—plausibly support a finding of this. *See* Compl. ¶ 10 ("Beginning on or about July 10, 2023, TriBike entered into 13 separate contracts with ISCM for 13 separate shipments of bikes to and from triathlon events around the world."). This Court understands the

believe the claims should fail. To that end, it would be improper to adjudicate the substance of these arguments on a 12(c) motion.

Even if this Court were to construe the Combined Motion as seeking summary judgment—at as it seeks judgment on the pleadings based upon materials beyond the pleadings—the request would be denied.[5] the Lauzons' Motion lacks legal authority for several of their arguments; for example, they cite no statutory or case authorities in support of their conclusory assertion that "ISCM's lien theory fails as a matter of law," the primary argument raised in their section on judgment on the pleadings. Combined Motion at 17.[6] As such, the Combined Motion does not show that "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In sum, the Lauzons' reliance on materials beyond the pleadings cannot support their motion for judgment on the pleadings. And, even understanding their request as one for summary judgment, they have not met the requisite standard. Therefore, the Rule 12(c) and 12(h)(2) motions are DENIED.

**B. The motion to strike is denied.**

The Combined Motion's third request is to strike portions of the Complaint, to the extent they seek "improper or legally unavailable damages." *See* Combined Motion at 17. They explain that the portions they seek to strike are ISCM's "[a]llegations premised on lien rights or law[]ful possessory interests arising from such conduct." *Id.* at 18. They ask this Court to strike those allegations because they "rest on an invalid legal theory, and striking ISCM's lien-based allegations

---

Lauzons to dispute this allegation. But, again, the Lauzons' proffered extraneous evidence in rebuttal of this allegation does not support judgment *on the pleadings*.

[5] In any event, the Combined Motion does not comply with this Court's requirements for a summary judgment motion. *See* Civil Standing Order § IX(D).

[6] They also note that "[p]ossession obtained through intentional self-help to preempt court intervention and secure unilateral control over disputed property is unlawful as a matter of law and cannot support a carrier or forwarder lien under UCC § 7-307 or any bailment theory." Combined Motion at 17. Again, they cite no legal authority to explain why this is so. Nor do they cite examples of summary judgment being granted on similar grounds in other cases.

will streamline the case, avoid confusion, and prevent discovery on claims foreclosed by ISCM's own admissions." *Id.*

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may act on its own motion, or "on motion made by a party either *before responding to the pleading* or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* 12(f)(2) (emphasis added). But, as the Opposition notes, a motion to strike is untimely at this stage: Defendants responded to the pleading over two years ago. *See* Dkt. No. 7; *see also* Combined Opp. at 9–10. The Combined Motion does not acknowledge this, nor does it explain why this Court should grant the untimely sought relief. And the Combined Reply does not address ISCM's timeliness argument.

For those reasons, the motion to strike is DENIED.

### C. The motion for leave to amend to assert counterclaims in the Answer is denied.

The Combined Motion's fourth request is to grant the Lauzons leave to amend their Answer. *Id.* at 19. The Lauzons seek to amend the Answer to allege counterclaims and join Knowles as a counter-defendant. *Id.* at 19–20. The operative Answer asserts no counterclaims. *See generally* Dkt. No. 7. And the Lauzons' proposed amended Answer would assert eleven counterclaims.[7] *See* Dkt. No. 54-2 at 2–3. As explained below, the Lauzons have not shown the requisite diligence to amend the Civil Trial Order, so the request is denied.

The Lauzons' request to amend fails under Rule 16. the Lauzons' request necessarily involves amending the Civil Trial Order, which specified that the last day to *hear*[8] a motion to amend the pleadings or add parties was August 1, 2025. CTO at 3. And a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts reject efforts to

---

[7] The proposed eleven counterclaims are described as follows: (1) conversion and wrongful detention, (2) invalid UCC lien, (3) fraudulent misrepresentation / economic coercion; (4) civil theft; (5) tortious interference with existing contracts; (6) tortious interference with prospective economic advantage; (7) negligent misrepresentation; (8) breach of bailment; (9) intentional infliction of emotional distress; (10) declaratory and injunctive relief; and (11) flexibility theory damages. *See* Dkt. No. 54-2.

[8] Because this Court sets hearings at least forty-two days from receipt of a Motion, this means that the latest that the Lauzons could have *filed* a timely motion to amend was Friday, June 20, 2025. *See* Civil Standing Order § VIII(B).

modify the scheduling order when the moving party has not shown diligence in following the schedule. *See Johnson*, 975 F.2d at 609. The Lauzons do not address the diligence or good cause standards at all. It is not clear why the amendment could not have been brought in a timely manner; for example, The Lauzons do not allege recently discovered facts that prevented an earlier motion for leave to amend. In fact, they appear to dispute that good cause is needed at all, as they argue that the proposed amendments are "timely and non-prejudicial." Combined Motion at 19. They note that this is so because "no trial date has been set," the amendments "do not require expansion of discovery," and ISCM would therefore "suffer no prejudice." *Id.* But this is incorrect. A trial date has been set since July 2025—and the trial date, November 16, 2026, is less than eight months away. *See* CTO at 3. A plain reading of the Lauzons' proposed amended answer suggests that amendment would necessarily broaden the scope of discovery: As the Opposition notes, several of the Lauzons' theories may reasonably call new forms of evidence into discovery.[9] *See* Combined Opp. at 11–12 (listing the new scope of evidence that could be warranted to prepare a defense against the proposed new IIED claim).

Even if good cause to amend the CTO was shown, under Rule 15, the Lauzons' have not shown a lack of prejudice or the absence of undue delay. Again, granting leave to amend to add counterclaims at this stage could materially expand the scope of discovery, and ISCM has expressed that it would move to dismiss the counterclaims. *See* Combined Opp. at 12 ("Lauzons' motion for leave to amend is defective as a matter of law, and the amendment would be futile, and ISCM would seek dismissal."). And the Lauzons offer no argument as to why the delay in filing for leave to amend is *not* undue—it is unclear why the Lauzons could not have asserted these counterclaims per this Court's operative schedule.

As an independent basis for denial under Rule 15, it appears that amendment would likely be futile. First, the proposed amended Answer appears to assert claims for all defendants—that is, Angela Lauzon, Marc Lauzon, and TriBike. *See* Dkt. No. 54-2 at 3. To the extent TriBike is a

[9] The Lauzons also argue that the amendments "do not introduce unrelated theories and satisfy applicable pleading standards." Combined Motion at 19. They do not explain why this is so. In any event, the Lauzons' operative pleadings state no counterclaims or affirmative bases for relief—so it is difficult to see how any newly proposed counterclaims would *not* constitute the introduction of "unrelated theories."

proposed counterclaimant, this is impermissible. As this Court has already explained, including at the hearing on December 11, 2025, TriBike cannot appear absent qualified counsel, and the Lauzons cannot make requests on TriBike's behalf. And, to the extent the Lauzons are proposed counterclaimants, the proposed answer's counterclaims do not appear to plausibly allege their individual standing. "The question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the merits of a case." *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023). But generally, "a shareholder does not have standing to redress an injury to the corporation." *Shell Petroleum, N.V v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983). So, where "the gravamen of the complaint is injury to an LLC's property, the right of action lies with the LLC, not the individual members." *Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 03-5439, 2011 WL 2433289, at *4 (E.D. Cal. June 13, 2011); *see also Kenney v. Wells Fargo Bank, N.A.*, 791 F. Supp. 3d 1163, 1167 (C.D. Cal. 2025); *CF Gainesville Investor, LLC v. Astroenergy Solar, Inc.*, No. 21-2654, 2022 WL 1422810, at *4 (C.D. Cal. Jan. 10, 2022). And the Answer does not allege individual harms suffered by the Lauzons because of the alleged conduct, except to the extent that they are members of TriBike and suffered derivative harms based on TriBike's injuries. To that end, it appears amendment would likely be futile, and the proposed counterclaims as asserted would fail at the pleadings stage.

For these reasons, the Lauzons have not sufficiently shown that good cause exists under Rule 16—or that justification exists under Rule 15—to allow for the untimely amendment of the Lauzons' pleading. To that end, the motion for leave to amend is DENIED.

### D. The request for this Court to exercise jurisdiction over the Lauzons' counterclaims is moot.

The Combined Motion's fifth request is as follows: "Even if the Court dismisses ISCM's Complaint in whole or in part, it must retain jurisdiction over Defendants' Counterclaims because they independently satisfy the requirements of 28 U.S.C. § 1332." Motion at 23. To that end, this Court understands the request to be contingent on (1) the partial or full dismissal of ISCM's complaint per the Lauzons' Rule 12 motions, and (2) the granting of leave to amend so that

counterclaims may be newly pleaded. As this Court has explained, neither of those contingencies has taken place. To that end, the request to exercise jurisdiction is DENIED AS MOOT.

**E. The Lauzons have not shown why they are entitled to a preliminary injunction.**

The Lauzons' PI Motion requests that this Court enter a "limited Rule 65-based"[10] order for "preservative relief." PI Motion at 1. They request an order that does the following: (1) enjoins Knowles and ISCM, as well as their agents, from "transferring, encumbering, concealing, or dissipating assets outside the ordinary course of business above calibrated thresholds set by the Court"; "transferring assets offshore or between controlled entities absent notice and approval"; "incurring extraordinary debt or encumbrances inconsistent with historical practice"; (2) requires Knowles to produce a sworn accounting identifying financial accounts and business entities in his control and asset transfers from the last year; (3) requires "preservation of all financial records, transaction histories, and accounting data relating to assets and transfers"; and (4) requires "a sworn certification confirming compliance, subject to contempt sanctions for any material misrepresentation or omission." *Id.* at 4. For the reasons below, the request is denied.

First, the PI Motion fails to make a showing of a likelihood of success on the merits.[11] *See Winter*, 555 U.S. at 20. Preliminary injunctive relief should be denied if the probability of success on the merits is low. *See Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) ("[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."). The PI Motion, however, omits mention of likelihood of success on the merits from its discussion of the applicable law.[12] And

---

[10] At points, the Motion appears to ask for relief "pursuant to the Court's inherent equitable authority and Federal Rules of Civil Procedure 64 and 65." PI Motion at 2. It is true, as the Lauzons note, that the Court may employ state-law prejudgment remedies to prevent the dissipation of assets. *See* Fed. R. Civ. P. 64(a). But the Lauzons do not cite any authorities in support of what state-law remedy they seek to have this Court apply here. To that end, this Court treats the PI Motion as solely grounded on Rule 65.

[11] The sole case that the Lauzons cite in their PI Reply confirms that this Court must consider the "probability of success on the merits." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988).

[12] As the Lauzons put it, this Court should consider whether (1) there is a credible risk of irreparable harm absent interim relief, (2) legal remedies alone may be inadequate, (3) the requested relief is narrowly tailored to preserve the status quo, and (4) the balance of equities favors restrain rather than inaction. *See* PI Motion at 2–3. They cite no authority for this formulation of the relevant factors.

the PI Motion does not explain why the Lauzons are likely to succeed on the merits. So, on this basis alone, the request for a preliminary injunction must be denied.

Second, and relatedly, the Lauzons assert no counterclaims or requests for affirmative relief in their pleadings—and so they have not identified any possible future relief a preliminary injunction would protect. Their operative Answer asserts only a prayer for relief that the action be dismissed, that ISCM bear the Lauzons' costs, and that any trial should be by jury. *See* Dkt. No. 7 at 6. The PI Motion does not explain why the sought injunctive relief is necessary to preserve the Lauzons' ability to seek any of *those* forms of relief. In other words, because the Lauzons do not presently make any affirmative claims, and in light of the limited prayer for relief, they have failed to demonstrate why "preservative relief," PI Motion at 1, is warranted.[13] As relevant here, the authority that the Lauzons rely on—*Republic of the Philippines*—merely holds that "[a] court has the power to issue a preliminary injunction to prevent a defendant from dissipating assets in order to preserve the possibility of equitable remedies." 862 F.2d at 1364. It does not support the proposition that a court has the power to issue a preliminary injunction to prevent a *plaintiff* from dissipating assets where no counterclaims have been asserted. And the Lauzons appear to concede that this Court can only consider this preliminary injunction if it permits the counterclaims to proceed. PI Reply at 4 ("Plaintiff argues that Defendants cannot seek preservative relief because no counterclaim is currently on file. That argument ignores the procedural posture of the case. Defendants have moved for leave to file amended counterclaims that assert claims directly against Alex Knowles. Because the motion for leave to amend is being heard at the same time as the present motion, the Court may appropriately consider the motions together. *If leave to amend is granted, the procedural objection raised in the Opposition disappears*." (emphasis added)).

[13] In Reply, the Lauzons dispute that their PI Motion seeks to "obtain affirmative relief," noting instead that they seek "limited preservative measures to maintain the status quo while the Court resolves the parties' claims." PI Reply at 2. This argument is unavailing because the Lauzons admit—as they must—that their request for preservative measures is contingent on this Court's granting of leave to amend their answer to assert counterclaims. *See* PI Reply at 2 ("The requested relief is directly tied to the Lauzons' claims for damages arising from wrongful detention and related conduct and ensures that any judgment on those claims is not rendered ineffectual."). This Court, for reasons discussed *supra*, has denied the request for leave to amend the Lauzons' answer to assert counterclaims.

Third, to the extent the requests seek to enjoin Knowles—a nonparty— the Lauzons have not shown why this is proper. When a court grants a preliminary injunction, the order "binds *only* . . . the parties[,] the parties' officers, agents, servants, employees, and attorneys[,] and other persons who are in active concert or participation with" the parties or their agents. *See* Fed. R. Civ. P. 65(d)(1)(A)–(C) (emphasis added). In other words, Rule 65(d) "provides that an injunction may not bind non-parties." *Zepeda v. I.N.S.*, 753 F.2d 719, 733 (9th Cir. 1983) (Norris, J., concurring in part and dissenting in part). The PI Motion only describes Knowles as "an individual centrally involved in the conduct at issue." PI Motion at 2. But they have not shown that Knowles falls into the ambit of Rule 65(d)(1). This Court understands that Knowles appears to be ISCM's Rule 30(b)(6) witness. *See* Combined Motion at 6. But this does not necessarily mean that he can be bound, under Rule 65's ambit, by a preliminary injunction against ISCM. After all, a Rule 30(b)(6) witness need not be an officer or agent of the subpoenaed organization. *See* Fed. R. Civ. P. 30(b)(6). On Reply, the Lauzons argue that Knowles qualifies as a Rule 65(d)(1) agent because of "the record demonstrating Alex Knowles' central role in the underlying conduct and control of relevant assets." PI Reply at 4. But neither the PI Motion nor the PI Reply cite the record support to which the Lauzons refer.[14] To that end, because the Lauzons do not justify whether Knowles can be bound under Rule 65(d), the PI Motion lacks support.

In sum, the Lauzons have not shown a likelihood of success, are not entitled to affirmative relief, and have not shown why the binding of a nonparty is appropriate. For those reasons, the PI Motion is DENIED.

### F. Given TriBike's failure to appear, this Court will direct the Clerk to enter its default.

The parties' briefing addresses, in part, whether Angela and Marc Lauzon improperly seek relief in the Combined Motion on behalf of TriBike. *See* Combined Motion Opp. at 4 ("The Lauzons seek relief not only in their individual capacities, but also (improperly) on behalf of TriBike."); *see*

---

[14] The arguable exception is in the Declaration of Marc Lauzon, Dkt. No. 55-2, which notes that Knowles effectuated ISCM's possession of the bicycles at issue in 2023. This does not establish, however, that Knowles is presently an agent of ISCM.

*also* Combined Motion at 20 ("Defendants request leave . . . to conditionally join TriBike Transport, LLC as a counterclaimant."). As this Court has explained, denial of the Motions on independent grounds is warranted. Nevertheless, given TriBike's repeated failures to appear—despite being given numerous time extensions and opportunities to do so—TriBike is failing to defend. To that end, ISCM is entitled to seek TriBike's default judgment.

Some background is in order. On October 30, 2025, counsel for Defendants moved to withdraw. *See* Dkt. No. 47. The Motion contained a declaration, signed by the Lauzons, expressing that they knowingly consented to counsel's request to withdraw. *See id.* at 2.

This Court held a hearing on the Motion on December 11, 2025. *See* Dkt. No. 59 at 2. The Lauzons confirmed that they consented to counsel's request to withdraw. *Id.* "At the hearing, Defendants Marc and Angela Lauzon confirmed their intent to represent themselves if this Motion is granted." *Id.* "Marc Lauzon also spoke in his capacity as CEO of TriBike Transport, and confirmed that TriBike would seek to secure counsel if this Motion is granted." *Id.* "This Court instructed Marc Lauzon that, as it has already indicated, *see* Dkt. No. 41, TriBike cannot represent itself." *Id.* "Marc Lauzon, as CEO of TriBike, represented that TriBike is in the process of retaining counsel, and asked for thirty days to finalize those efforts." *Id.*

This Court granted that request. *Id.* at 4. In so doing, it expressly warned Defendants that:

> TriBike is ordered to retain counsel and have counsel enter an appearance within thirty (30) days of the date of this Order. **Failure to timely enter an appearance through counsel may lead this Court to grant default against TriBike without further warning.** After thirty (30) days, if counsel has not appeared for TriBike, Plaintiff may file a motion seeking further relief, such as a motion for default judgment or to strike the answer.

*Id.* (emphasis added). That order was issued on January 6, 2026, over three months ago. No counsel has filed an appearance for TriBike.

TriBike's failure to properly appear prejudices ISCM and risks substantial delay to this matter's trial schedule. At present, fact discovery is slated to end on June 5, 2026, and a jury trial is set to begin on November 16, 2026. As the Opposition notes (and the Reply does not dispute), "TriBike's counsel has withdrawn, TriBike has failed to serve responses to ISCM's discovery, and TriBike . . . cannot appear in this case" absent counsel. *See* Combined Motion Opp. at 2. It is

difficult to see how this case could proceed as planned given TriBike's inability to appear. Moreover, this Court has given TriBike numerous opportunities—including approximately four months since Marc Lauzon requested thirty days to secure counsel for TriBike—to comply with its orders and obtain counsel. TriBike has not taken those opportunities.

To that end, entry of default is proper. "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). This record easily supports a finding that TriBike, by failing to properly appear or participate in this matter, has failed to defend.[15] For that reason, this Court will instruct the Clerk of Court to enter default against TriBike.

**IV. <u>Conclusion</u>**

For the foregoing reasons, both Motions are DENIED and the Court orders as follows:

1. The Rule 12(b)(6) motion is DENIED;
2. The Rule 12(c) and 12(h)(2) motions are DENIED;
3. The motion to strike under Rule 12(f) is DENIED;
4. The motion for leave to amend the pleadings under Rule 16 is DENIED;
5. The request for a preliminary injunction under Rule 65 is DENIED;
6. The Clerk of Court is directed to enter default against TriBike Transport LLC.

IT IS SO ORDERED.

Dated: August 31, 2026.

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

[15] This Court has adjudicated of the Lauzons' Motion for Referral to the Court's Pro Bono Panel or Limited-Scope Representation Program, Dkt No. 72, which sought referral for all Defendants (including TriBike). This request is improper as related to TriBike. As this Court has reminded the Lauzons, including at the hearing on December 11, 2025, TriBike can only appear through counsel, and the other the Lauzons may not make requests on TriBike's behalf.

This Court issued an order separately regarding the Lauzons' requests for referral to the Court's pro bono panel.